# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

ROBERT O'DELL NEIHART,

    Petitioner,

v.                                                          No. CV 16-708 WJ/CG
                                                              CR 12-2687 WJ

UNITED STATES OF AMERICA,

    Respondent.

## ORDER ADOPTING MAGISTRATE JUDGE'S
## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on the Magistrate Judge's *Proposed Findings and Recommended Disposition* (the "PFRD"), (CV Doc. 15),[1] filed June 30, 2017; Petitioner's *Objection Pursuant to Title 28 U.S.C. § 636(b)(1)* (the "Objections"), (CV Doc. 16), filed July 17, 2017; the "Forensic Psychological Diminished Capacity Evaluation" Petitioner filed as an appendix to his Objections (the "Appendix"), (CV Doc. 18), filed July 20, 2017; Petitioner's counsel's *Motion to Withdraw* (the "Motion to Withdraw"), (CV Doc. 17), filed July 18, 2017; Respondent United States of America's *Sealed Response to Petitioner's Objections to Proposed Findings and Recommended Disposition under 18 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody* (the "Response"), (CV Doc. 19), filed July 28, 2017; Petitioner's *Denial to Government's Crossclaims (Doc. 172) Styled as An Sealed Response to Petitioner's Objections to M.R.R.* [sic] (the "Reply"), (CV Doc. 21), filed August 14, 2017; and Petitioner's first and second *Motion to Resubmit an Incorporated*

---

[1] Documents referenced as "CV Doc. ___" are from case number CV 16-708 WJ/CG. Documents referenced "CR Doc. ___" are from case number CR 12-2687 WJ.

*Memorandum of Law Supporting the Currently Pending § 2255 , Petition* [sic] (the "Motions to Resubmit"), (CV Docs. 20, 22), filed August 21, 2017.

On June 30, 2017, the Magistrate Judge recommended that Petitioner's *28 U.S.C. § 2255 Motion to Vacate Sentence* (the "Motion"), (CV Doc. 1), be denied and that this case be dismissed with prejudice because Petitioner waived his right to collaterally attack his sentence. (CV Doc. 15 at 4-10). The parties were notified that objections were due within fourteen days. *Id.* at 10. Although Petitioner was represented and his counsel did not object to the PFRD, on July 17, 2017, Petitioner filed his Objections *pro se*.[2] In his Objections, Petitioner claims the plea waiver is unenforceable because his counsel deliberately misled him about the possibility of an insanity defense at trial. (CV Doc. 16 at 1-3). Based on Petitioner's claim of ineffective assistance of counsel, Petitioner's counsel filed a Motion to Withdraw. (CV Doc. 17).

In its Response to Petitioner's Objections, Respondent argues the Court should liberally construe Petitioner's Objections as an amendment to his original Motion and decide the merits of Petitioner's ineffective assistance claim. (CV Doc. 19 at 1-2). Petitioner replied to the Response; however the Reply is not properly before the Court because the rules of procedure do not allow for replies to objections to PFRDs. *See* 28 U.S.C. § 636(b); FED. R. CIV. P. 72(b) (allowing objections and responses, but not replies). Finally, Petitioner filed Motions to Resubmit, in which he reiterates his conflict with counsel and asks the Court to provide him with copies of counsel's drafts of the § 2255 Motion so that he may review and possibly amend them. (CV Doc. 20, 22 at 1-2).

---

[2] Petitioner's Objections were mailed on July 13, 2017, (*see* CV Doc. 16 at 4), so they are considered timely filed under the prison mailbox rule. *Price v. Philpot*, 420 F.3d 1158, 1163-65 (10th Cir. 2005) (holding that, under this rule, a prisoner's submission is deemed filed when it is given to prison authorities for mailing).

After a *de novo* review of the record and the PFRD, the Court: (1) overrules Petitioner's Objections; (2) grants Petitioner's counsel's Motion to Withdraw; (3) denies Petitioner's Motions to Resubmit; and (4) adopts the Magistrate Judge's PFRD and (5) dismisses this case with prejudice.

I.      **Background**

On October 23, 2012, Petitioner was charged with: (1) armed bank robbery and putting the life of a person in danger by using a dangerous weapon, in violation of 18 U.S.C. §§ 2113(a) and (d); and (2) knowingly possessing, carrying, and using a firearm in furtherance of and during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). (CR Doc. 14 at 1-2). "Crime of violence" under § 924(c) means any felony that (A) "has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." §§ 924(c)(3)(A)-(B). In Petitioner's case, the crime of violence was the armed bank robbery in Count One. (CR Doc. 14 at 2).

On February 20, 2015, Petitioner pled guilty to both Counts and stipulated to a sentence between 148 months and 161 months. (CR Doc. 140 at 2, 4). As part of the plea agreement, Petitioner agreed to "waive any collateral attack to [his] conviction pursuant to 28 U.S.C. § 2255, except on the issue of counsel's ineffective assistance in negotiating or entering" the plea and waiver. (CR Doc. 140 at 7). On June 22, 2015, Petitioner was sentenced to 28 months for armed bank robbery and 120 months for using a firearm during a crime of violence. (CR Doc. 150).

On June 25, 2016, Petitioner requested review of his conviction pursuant to the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). (CV Doc. 1). The Court referred this matter to Judge Garza to conduct analysis and to make findings of fact and a recommended disposition. (CV Doc. 14). The Magistrate Judge concluded that the appellate waiver in Petitioner's plea agreement is enforceable, and recommended that Petitioner's Motion be denied. (CV Doc. 15 at 10).

**II.     The PFRD and Petitioner's Objections**

Pursuant to Rule 8 of the Rules Governing Section 2255 Proceedings for the United States District Courts, a district judge may, under 28 U.S.C. § 636(b), refer a pretrial dispositive motion to a magistrate judge for proposed findings of fact and recommendations for disposition.  Within fourteen days of being served, a party may file objections to this recommendation.  Rule 8(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.  A party may respond to another party's objections within fourteen days of being served with a copy; the rule does not provide for a reply.  FED. R. CIV. P. 72(b).[3]

When resolving objections to a magistrate judge's recommendation, the district judge must make a *de novo* determination regarding any part of the recommendation to which a party has properly objected.  28 U.S.C. § 636(b)(1)(C).  Filing objections that address the primary issues in the case "advances the interests that underlie the Magistrate's Act, including judicial efficiency."  *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents*, 73 F.3d 1057, 1059 (10th Cir. 1996).  Objections must be timely and specific to preserve an issue for *de*

---

[3] The Federal Rules of Civil Procedure may be applied to the extent that they are not inconsistent with any statutory provisions or the Rules Governing Section 2255 Proceedings.  Rule 12 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

4

*novo* review by the district court or for appellate review. *Id.* at 1060. Additionally, issues "raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *see also U.S. v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").

In this case, Petitioner contends that his conviction for violating § 924(c)(3)(B) violates his right to due process. (CV Doc. 1 at 2). Petitioner argues the holding in *Johnson*, which technically only applied to § 924(e)(2)(B), also applies to the similarly worded § 924(c)(3)(B). *Id.* at 7-11. Petitioner also argues that armed bank robbery is not a crime of violence under § 924(c)(3)(A) because it does not require intent or violent force. *Id.* at 3-7. Therefore, Petitioner claims, armed bank robbery is not a crime of violence and his conviction and sentence must be vacated. *Id.* at 11.

After considering the evidence in the record and the relevant law, the Magistrate Judge determined that Petitioner's collateral attack falls within the scope of his appellate waiver, Petitioner knowingly and voluntarily waived his right to collateral review, and that enforcing the waiver would not result in a miscarriage of justice. (CV Doc. 15 at 4-10). Petitioner argued that the waiver was unlawful because it would result in Petitioner serving an unconstitutional sentence. (CV Doc. 12 at 11-14). The Magistrate Judge explained that, under *United States v. Frazier-LeFear*, 665 Fed. Appx. 727 (10th Cir. 2016) (unpublished), the waiver itself must be unlawful, not some other aspect of the proceeding, including the sentence. (CV Doc. 15 at 8). Accordingly, the Magistrate Judge recommended that Petitioner's Motion be denied. *Id.* at 10.

5

### a. The Objections and Response

In his Objections, Petitioner contends that the plea waiver is unenforceable because his counsel was ineffective. (CV Doc. 16 at 1). Construed liberally, Petitioner claims his counsel was ineffective by failing to raise an insanity defense.[4] *Id.* 16 at 1. Petitioner cites the Appendix as proof he was suffering from a mental disease or defect rendering him unable to differentiate between right and wrong. *Id.* at 2. Therefore, Petitioner argues, his counsel was ineffective by "misrepresenting the possibility of the insanity defense in New Mexico, under the State law." *Id.* at 1. Regarding the plea waiver, Petitioner claims "Defense counsel deliberately misrepresented the possibility of the 'temporary insanity' defense to deceive [Petitioner] into entering a plea agreement." *Id.* at 2. Petitioner's "decision to enter the guilty plea rested on the misadvice [sic] of counsel." *Id.* At the end of his Objections, Petitioner provides a notarized affidavit that he asked his counsel to enter a plea of not guilty by reason of insanity and was told it was not available. *Id.* at 3. Accordingly, Petitioner asserts, the plea waiver was not knowingly or voluntarily waived, and it would be a miscarriage of justice to enforce the waiver. *Id.* at 2.

In response, Respondent states that the Court may construe Petitioner's Objections as an amendment to his Motion. (CV Doc. 19). According to Respondent, when a *pro se* petitioner files a second motion under § 2255 while his first motion is still pending, courts often treat the second motion as a motion to amend the first. *Id.* at 7 (citing *U.S. v. Sellner*, 773 F.3d 927, 931-32 (8th Cir. 2014)). Rather than argue whether or not leave to amend should be granted, Respondent argues the merits of Petitioner's

---

[4] The Court must liberally construe a *pro se* party's pleadings. *Northington v. Jackson*, 973 F.3d 1518, 1520-21 (10th Cir. 1992); *Hall v. Belmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

claim. Respondent contends that Petitioner's ineffective assistance of counsel claim fails to satisfy the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1987), because Petitioner fails to establish that his counsel's performance was deficient and that he was prejudiced as a result. *Id.* at 1. Respondent cites the procedural history of Petitioner's underlying criminal case as evidence that Petitioner's defense counsel was aware of Petitioner's mental health issues and the potential defenses available to Petitioner, and that they communicated with Petitioner about these defenses. *Id.* at 9, 12-15. Additionally, Respondent contends that Petitioner fails to present any evidence supporting his claim that his counsel intentionally deceived Petitioner about his mental health defense. *Id.* at 9. Respondent notes that the Court appointed attorney Charles J. McElhinney as co-counsel for the specific purpose of aiding him in his decision making and providing him with a second opinion on whether he should go to trial or accept a plea. *Id.* at 9; *see* (CR Docs. 130, 140). As explained below, whether the Court treats the Objections as objections or a motion to amend, Petitioner is not entitled to relief.

   a. <u>Construed as Objections</u>

As explained, theories raised for the first time in objections are deemed waived. *See Marshall*, 75 F.3d at 1426; *Garfinkle*, 261 F.3d at 1031 ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived."). In the Motion, Petitioner argued only that the plea waiver was unenforceable because it would result in him serving an unlawful sentence. (CV Doc. 12 at 11-14). Petitioner now argues that the plea waiver is unlawful because he was "deceived" into entering the plea. (CV Doc. 16 at 2). Petitioner has waived this theory, as it has been

7

raised for the time in the Objections. Accordingly, construed as objections, Petitioner's Objections are overruled.

Furthermore, Petitioner's Objections and Respondent's Response distract from the substance of Petitioner's Motion. Petitioner's initial challenge was that bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d) is not a crime of violence under § 924(c). (CV Doc. 1 at 1). However, overwhelming authority, including from this Court and the Tenth Circuit Court of Appeals, has held that federal bank robbery is a crime of violence. *See U.S. v. McGuire*, 678 Fed. Appx. 643 (10th Cir. 2017) (unpublished) (denying a certificate of appealability from district court's decision that federal bank robbery is a crime of violence under United States Sentencing Guidelines § 4B1.1(B) (1993)); *U.S. v. Ybarra*, No. 16-0563 MV/KBM, 2017 WL 3189555 (D.N.M. July 25, 2017) (unpublished) (holding federal bank robbery a "violent felony" under the Armed Career Criminal Act); *see also U.S. v. McNeal*, 818 F.3d 141, 151-154, 157 (concluding armed bank robbery is a crime of violence for purposes of § 924(c)); *In re Sams*, 830 F.3d 1234 (11th Cir. 2016) (same); *U.S. v. Brewer*, 848 F.3d 711 (5th Cir. 2017) (holding federal bank robbery a crime of violence under the Sentencing Guidelines); *U.S. v. Williams*, 864 F.3d 826 (7th Cir. 2017) (holding federal bank robbery a crime of violence under Sentencing Guidelines § 4B1.2(a)); *U.S. v. Ellison*, No. 16-1460, __ F.3d __, 2017 WL 3276797 (1st Cir. Aug. 2, 2017) (same); *U.S. v. Campbell*, No. 15-3869, __ F.3d __, 2017 WL 3223925 (7th Cir. July 31, 2017) (same). Thus, even if the Court set aside the collateral attack waiver in Petitioner's plea agreement, Petitioner is not entitled to relief on the merits of his Motion because federal bank robbery is a crime of violence.

8

### b. *Construed as a Motion to Amend*

If Petitioner's Objections are interpreted as a motion to amend, Petitioner is not entitled to leave to amend for two reasons. First, Petitioner's Objections were filed after the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). This statute imposes a "1-year period of limitation" on § 2255 motions that "shall run from the latest of:" (1) the date of final judgment; (2) the date the illegal impediment that prevented the petitioner from filing his petition was removed; (3) the date the Supreme Court recognized a new right "retroactively applicable to cases on collateral review;" or (4) the date additional facts to support the claim "could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(1)-(4). Petitioner's § 2255 Motion under *Johnson* invokes subsection (3). However, *Johnson* was decided on June 26, 2015, and Petitioner filed his Objections on July 17, 2017, which is more than a year after AEDPA's one-year limitation period had expired.

A district court has discretion under FED. R. CRIM. P. 15(c) to permit an otherwise untimely amendment to a pending § 2255 motion when the new claim provides additional facts that "clarif[y] or amplif[y] a claim or theory in the original motion . . . if and only if the [original motion] was timely filed and the proposed amendment does not seek to add a new claim or to insert a new theory into the case." *United States v. Espinoza-Saenz*, 235 F.3d 501, 505 (10th Cir. 2000). It is not enough that the proposed amendment merely relates to the same trial, conviction, or sentence. *See Mayle v. Felix*, 545 U.S. 644, 656–64 (2005). Instead, the proposed amendment must be "tied to a common core of operative facts." *Id.* at 664. Here, Petitioner's allegations of

9

ineffective assistance of counsel do not clarify or amplify his § 2255 Motion, which sought review of his sentence solely based on the holding of *Johnson*. Therefore, the Court finds that Petitioner's Objections, if construed as a motion to amend, are untimely. *See Espinoza-Saenz*, 235 F.3d at 504-05 (holding that untimely amendment to § 2255 motion did not relate back to the original, timely-filed motion because it raised new claims of ineffective assistance of counsel); *United States v. Burbage*, 280 Fed. Appx. 777, 782-82 (10th Cir. 2008) (unpublished) (finding the petitioner's motion to amend his § 2255 petition untimely because it was filed after the magistrate judge had entered a proposed findings and recommended disposition); *Pallotino v. City of Rio Rancho*, 31 F.3d 1023, 1026 (10th Cir. 1994) ("We have often found untimeliness alone a sufficient reason to deny leave to amend, especially when the party filing the motion has no adequate explanation for the delay.").

Second, Petitioner's Objections, if construed as a leave to amend, fail to state a claim for relief. While leave to amend "shall be freely given when justice so requires," a motion to amend may be denied if the amendment would be futile; that is, if the proposed amendment would be subject to dismissal. *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007). In order to survive a motion to dismiss, a complaint must state "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

Because he filed his Objections *pro se*, the Court must liberally construe Petitioner's pleadings. *Northington v. Jackson*, 973 F.3d 1518, 1520-21 (10th Cir. 1992); *Hall v. Belmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, a "broad reading" of

Petitioner's pleadings "does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall*, 935 F.3d at 1110. On the contrary, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Id.* (citations omitted); *see Northington*, 973 F.3d at 1520 (stating "the court should dismiss claims which are supported only by vague or conclusory allegations"). "This is so because a *pro se* plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief may be granted." *Id.*

In order to state a claim for ineffective assistance of counsel, Petitioner must allege that counsel's performance was constitutionally deficient and that his counsel's deficient performance prejudiced him. *Strickland*, 466 U.S. at 687-692. When a plea agreement is involved, the defendant must show that "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). A defendant's "mere allegation" that would have insisted on going to trial is insufficient. *Miller v. Champion*, 262 F.3d 1066, 1072 (10th Cir. 2001) (quoting *U.S. v. Gordon*, 4 F.3d 1567, 1571 (10th Cir. 1993)).

Here, Petitioner claims he was prejudiced by his counsel's "incompetence of relevant laws to provide an adequate defense." (CV Doc. 16 at 1). Further, Petitioner contends he was deceived, misadvised, and misinformed. *Id.* at 1-2. Petitioner supports these assertions with his affidavit stating he asked about an insanity defense and was told it was "not available in [his] instance." *Id.* at 3. Petitioner also alleges his counsel deliberately misinformed him to prevent him from going to trial. *Id.*

11

In resolving this issue, the Court has liberally construed Petitioner's allegations and accepted his factual statements as true. Still, the Court finds Petitioner's pleadings insufficient to state a claim under *Strickland* and *Hill*. Petitioner supports his claim with only vague, conclusory allegations that his counsel deliberately misinformed him in order to prevent him from going to trial, or alternatively that her incompetence as to the insanity defense prejudiced him. (CV Doc. 16 at 1-2). Petitioner's vague statement in his affidavit that he was told the insanity defense was "not available in [his] instance" fails to support Petitioner's allegations that his counsel was either ignorant of the availability of the defense or intentionally deceived Petitioner in order to force him to plead guilty. It is not reasonable to infer constitutionally deficient representation from the fact that Petitioner was told an insanity defense was not "available" to him. Finally, Petitioner does not claim that he would have insisted on going to trial if the insanity defense were available. Petitioner therefore fails to state a claim under *Strickland* and *Hill*, and his amendment to his complaint would be futile. Thus, even if the Court construes Petitioner's Objections as a motion to amend his original Motion, the Court denies leave to amend.

### III. Motion to Withdraw

As discussed, on July 18, 2017, Petitioner's counsel, Kari Converse, filed a motion to withdraw as counsel of record for Petitioner. (CV Doc. 17). Ms. Converse cites the conflict created by Petitioner's Objections, asks for leave to withdraw, and requests CJA counsel be appointed for Petitioner. *Id.* at 1. Respondent did not take a position on the Motion to Withdraw, and Petitioner himself has not responded. Recognizing the manifest conflict Petitioner has created by claiming his counsel was

ineffective, the Court will grant the Motion to Withdraw and direct the clerk to appoint CJA counsel for Petitioner.

### IV. Petitioner's Motions to Resubmit

On August 7 and 21, 2017, Petitioner filed documents titled *Motion to Resubmit an Incorporated Memorandum of Law Supporting the Currently Pending § 2255, Petition.* (CV Docs. 20, 22). The two Motions to Resubmit are identical except that the second is signed. In the Motions to Resubmit, Petitioner asks the Court to order the clerk to provide him copies of his counsel's pleadings so he may review and possibly revise them. (CV Doc. 22 at 1). Petitioner claims his counsel "refused" to consider pursuing an insanity defense, and asks the clerk to provide him copies of counsel's draft of the § 2255 Motion and allow him thirty days to review and amend it. *Id.* at 2. Petitioner appears to be attempting to re-litigate his Motion after the Magistrate Judge recommended denying it. To the extent Petitioner is asking to amend the Motion, the Court denies that request for the same reasons articulated above. Petitioner has not provided any factual support for his conclusory claim that his counsel "refused" to consider an insanity defense. Accordingly, the Court will deny the Motions to Resubmit.

### V. Conclusion

For the foregoing reasons, the Court finds that the Magistrate Judge conducted the proper analysis and correctly concluded that Petitioner's claims should be dismissed with prejudice. Petitioner's objections are overruled.

For the reasons stated above, **IT IS HEREBY ORDERED** that:

1) Petitioner's counsel's *Motion to Withdraw*, (CV Doc. 17) is **GRANTED** and the Clerk is directed to appoint CJA counsel for Petitioner;

2) Petitioner's first *Motion to Resubmit an Incorporated Memorandum of Law Supporting the Currently Pending § 2255, Petition*, (CV Doc. 20) is **DENIED**;

3) Petitioner's second *Motion to Resubmit an Incorporated Memorandum of Law Supporting the Currently Pending § 2255, Petition*, (CV Doc. 22), is also **DENIED**;

4) The Magistrate Judge's *Proposed Findings and Recommended Disposition*, (CV Doc. 15), is **ADOPTED**; and

5) Petitioner's *28 U.S.C. § 2255 Motion to Vacate Sentence*, (CV Doc. 1), is **DISMISSED WITH PREJUDICE**.

_____
UNITED STATES DISTRICT JUDGE